UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JIMMY CLIFF, a/k/a NA'IM BASHIR, | : | Civil Action No. 05-5160 (FLW) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ASBURY PARK TALENT ASSOCIATES | : | |
| CORP., and SAMMY BOYD, | : | |
| Defendants. | : | |

**WOLFSON, District Judge**

Presently before the Court is a motion by Plaintiff, Jimmy Cliff ("Mr. Cliff"), for default judgment on his claims against Defendants Asbury Park Talent Associates Corporation ("Asbury Park Talent Associates") and Sammy Boyd ("Mr. Boyd") for failure to appear or otherwise respond to Plaintiff's Complaint of October 28, 2005. For the reasons set forth below, Plaintiff's motion will be GRANTED.

**I. Background**

Plaintiff, a citizen of the United Kingdom currently residing in Jamaica, is a well-known musician who performs at concerts throughout the world. Pursuant to an Agreement entered into on March 27, 2003, Defendant, Asbury Park Talent Associates, and its principal, Mr. Boyd, agreed to act as a booking agent for Plaintiff in the United States and Canada. According to the

agreement, Defendants' duties included the collection of ticket sales and performance fees on behalf of Plaintiff.  Moreover, under the Agreement, Defendants were entitled to a certain commission based upon the performance fees received by Plaintiff.

From 2003 through 2005, Defendants collected and retained sums in excess of the commission due to them.  Specifically, as of June 9, 2005, Defendant failed to pay Plaintiff the following amounts: (1) the sum of $34, 875 for the 2003 tour period and earlier; (2) the sum of $26, 450 for the 2004 period; and (3) the sum of $58,278 for the 2005 tour period.  Indeed, in a letter dated May 17, 2005, Defendant acknowledged that he owed Plaintiff $119,078.  On June 13, 2005, Defendants remitted the sum of $30,000 as partial payment to Plaintiff, reducing the outstanding balance owed to $89,603.

On October 28, 2005, Plaintiff commenced this suit against Asbury Park Talent Associates and Sammy Boyd by filing the instant complaint seeking damages in the amount of $89,603 plus interest and costs.  On November 14, 2005, a Summons and Complaint were properly served on the Asbury Park Talent Associates and Sammy Boyd.   Defendants failed to plead or otherwise appear.  Thereafter, on June 5, 2006, Plaintiff requested that the Clerk of the Court enter default pursuant to Fed. R. Civ. P. 55(a), and default was entered on June 7, 2006. On July 21, 2006, Plaintiff filed a Motion for Default Judgment.  The Motion was returnable on August 21, 2006.  As of August 23, 2006, Defendant has not responded to nor opposed this Motion.

## II.  Standard for Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default judgment.  To obtain a

default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a). Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990). However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984). Furthermore, the preference is to dispose of cases on the merits whenever practicable. Id. at 1181 (citations omitted).

### III. Discussion

In the instant matter, since November 2005, Defendants have failed to appear and defend Plaintiff's claims against them. Moreover, on June 7, 2006, pursuant to an application by the Plaintiff, an entry of default was made by the Clerk of the Court against the Defendants. Subsequently, on July 21, 2006, Plaintiff filed a Motion for Default Judgment. Defendants have failed to oppose this motion. Thus, the Court finds that a grant of default judgment is appropriate.

### IV. Conclusion

For the foregoing reasons, Plaintiffs motion for default judgment against Defendants is granted and Plaintiff may recover jointly, severally, or in the alternative, the sum of $89,603 with

interest thereon as provided by law, and costs.  An appropriate order will follow.


Dated: August 23, 2006	  /s/  Freda L. Wolfson
	The Honorable Freda L. Wolfson,
	United States District Judge